October 6, 2011

Clerk of Courts
United States District Court, Central District of Illinois
309 U.S. Courthouse
100 N.E. Monroe Street
Peoria, Illinois 61602

RE: Case 4:07-cv-04008-MMM -JAG

Ladies and Gentlemen of the Court:

The Department of Justice and Attorney General's office have declined to share *any* of the evidence collected during the last four and one half years of investigation with either myself or former attorney, Mr. Jeffery Lovitky; have declined to provide requested copies of 30 Turkish subcontract "hand-receipts" used to reportedly establish KBR's and the United States Army's receipt of 30 items of potentially diverted material (these recently discovered hand-receipts, written in Turkish, used as the DOJ's rationale to reverse their intervention decision, announced in February 2011); have declined the requests of myself and former attorney, Mr. Jeffrey Lovitky, to inspect, authenticate, or even *see* the 30 Turkish subcontract hand-receipts; have declined our requests to have the signatures on the hand-receipts independently inspected for authenticity or forgery; have refused to subpoena termination records and investigation results of seven key KBR executives and employees in Mosul, Iraq, October 2006; and have refused to address a $5 million payment made by KBR to the United States Government in 2008 for irregularities concerning the KBR-Yuksel Subcontract, referenced in the complaint filed in 2007.

Due to the intransigence of Department of Justice officials and the Attorney General's office in this matter, the inability of other law firms to take over the case from Mr. Lovitky based on the facts reported above, and good reasons to believe the case has potentially been the subject of external interference, I have not and will not be serving the referenced complaint on the defendants KBR and Halliburton.

I would suggest that if the Department of Justice is sincerely interested in a just resolution for the American taxpayers and military, they reverse their most recent and unfortunate decisions, subpoena the termination records and investigation results of 2006, allow public inspection of the referenced Turkish hand-receipts, and publicly address the $5 million payment made to the U.S. Government subsequent to the complaint filed and disclosure statement provided in 2007.

Enclosures (4)                                  Respectfully submitted,

                                                *[signature]*
                                                James A. Brady III
                                                Plaintiff
                                                4:07-cv-04008-MMM-JAG

Contact Information:

203 Waters Way, Martinez, Georgia 30907
Email: JABradyLLL@aol.com
Mobile: (706) 495-6573

October 6, 2011

Clerk of Courts
United States District Court, Central District of Illinois
309 U.S. Courthouse
100 N.E. Monroe Street
Peoria, Illinois 61602

RE:  Case 4:07-cv-04008-MMM -JAG

Ladies and Gentlemen of the Court:

The Department of Justice and Attorney General's office have declined to share *any* of the evidence collected during the last four and one half years of investigation with either myself or former attorney, Mr. Jeffery Lovitky; have declined to provide requested copies of 30 Turkish subcontract "hand-receipts" used to reportedly establish KBR's and the United States Army's receipt of 30 items of potentially diverted material (these recently discovered hand-receipts, written in Turkish, used as the DOJ's rationale to reverse their intervention decision, announced in February 2011); have declined the requests of myself and former attorney, Mr. Jeffrey Lovitky, to inspect, authenticate, or even *see* the 30 Turkish subcontract hand-receipts; have declined our requests to have the signatures on the hand-receipts independently inspected for authenticity or forgery; have refused to subpoena termination records and investigation results of seven key KBR executives and employees in Mosul, Iraq, October 2006; and have refused to address a $5 million payment made by KBR to the United States Government in 2008 for irregularities concerning the KBR-Yuksel Subcontract, referenced in the complaint filed in 2007.

Due to the intransigence of Department of Justice officials and the Attorney General's office in this matter, the inability of other law firms to take over the case from Mr. Lovitky based on the facts reported above, and good reasons to believe the case has potentially been the subject of external interference, I have not and will not be serving the referenced complaint on the defendants KBR and Halliburton.

I would suggest that if the Department of Justice is sincerely interested in a just resolution for the American taxpayers and military, they reverse their most recent and unfortunate decisions, subpoena the termination records and investigation results of 2006, allow public inspection of the referenced Turkish hand-receipts, and publicly address the $5 million payment made to the U.S. Government subsequent to the complaint filed and disclosure statement provided in 2007.

Enclosures (4)                                          Respectfully submitted,

                                                        James A. Brady III
                                                        Plaintiff
                                                        4:07-cv-04008-MMM-JAG

Contact Information:

203 Waters Way, Martinez, Georgia  30907
Email: JABradyLLL@aol.com
Mobile: (706) 495-6573

From: James <jabradylll@aol.com>
To: matt.cannon <matt.cannon@usdoj.gov>; christina.d.woolsey <christina.d.woolsey@usdoj.gov>; glenda.verbeke <glenda.verbeke@usdoj.gov>; michael.d.mccoy <michael.d.mccoy@usdoj.gov>; glenda.verbeke <glenda.verbeke@usdoj.gov>;
Subject: Activity in Case 4:07-cv-04008-MMM -JAG
Date: Mon, Oct 3, 2011 4:00 pm

Ladies and Gentlemen:

Please note that I will not be serving the complaint to the defendants KBR and Halliburton and will be taking no further action in this matter other than to provide similar communication to the U.S. District Court, Central District of Illinois. Thank you.

Respectfully,

James A. Brady III
Plaintiff
4:07-cv-04008-MMM-JAG

-----Original Message-----
From: Jeffrey Lovitky <lovitky@aol.com>
To: jabradylll <jabradylll@aol.com>
Sent: Tue, Sep 20, 2011 11:55 am
Subject: Qui Tam Case

    Jim: Enclosed is the Court's order granting my motion to withdraw as your Counsel in the qui tam case. Please keep in mind that you will be required to serve a copy of the Complaint, along with the Court's Order dated July 14, 2011 authorizing service of same, not later than October 4, 2011. If you feel that you need additional time, you can of course file a request with the Court for an extension. However, I cannot be certain whether or not such an extension will be granted.

    The Complaint must also be served with a separate Summons for each of the defendants, which can only be obtained from the clerk's office at the federal district court in Rock Island. If you have any intention of proceeding with this matter, I would suggest that you contact the clerk of the District Court in Rock Island as soon as possible to facilitate obtaining the Summons.

    Please feel free to contact me if you have any further questions. Jeff


Jeffrey A. Lovitky
Attorney at Law
1776 K Street, N.W. Suite 800
Washington, D.C. 20006
Tel: 202-429-3393
Cell: 202-744-9702
Fax: 202-318-4013
www.lovitky.com

NOTICE: This message (including any attachments) from Jeffrey A. Lovitky may constitute an attorney-client communication and may contain information that is PRIVILEGED and CONFIDENTIAL and/or ATTORNEY WORK PRODUCT. If you are not an intended recipient, you are hereby notified that any dissemination of this message is strictly prohibited. If you have received this message in error, please

do not read, copy or forward this message. Please permanently delete all copies and any attachments and notify the sender immediately by sending an e-mail to jeff@lovitky.com

-----Original Message-----
From: James <jabradylll@aol.com>
To: lovitky <lovitky@aol.com>
Sent: Fri, Aug 26, 2011 1:10 pm
Subject: Re: Activity in Case 4:07-cv-04008-MMM -JAG

Jeff: I have left detailed voice mail messages at the Clerk of Courts number and Judge Gorman's law clerk's number. I will call both back before 4:00 p.m. today to ensure they've received my information and will reconfirm with you once that is complete. Jim

-----Original Message-----
From: Jeffrey Lovitky <lovitky@aol.com>
To: 'James' <jabradylll@aol.com>
Sent: Fri, Aug 26, 2011 6:06 am
Subject: RE: Activity in Case 4:07-cv-04008-MMM -JAG

Jim: Will you be calling the court at the phone number provided to confirm your participation in the 9/19 hearing? It's a Peoria Illinois phone number. Would you confirm to me today that you have done this? It is evident that the Court wants you personally to make this phone call. Thank you, and have a nice weekend. Jeff

*"Mr. Baker shall inform the court of the phone number at which he can be reached for the hearing by calling the clerk at 671-7140."*

From: James [mailto:jabradylll@aol.com]
Sent: Thursday, August 25, 2011 8:26 PM
To: lovitky@aol.com
Subject: Re: Activity in Case 4:07-cv-04008-MMM -JAG

Jeff: Received. Based on the timeframe of 12:30 EST, September 19, 2011, I will be able to participate. I am in consultation with three law firms specializing in Qui Tam and whistle blower cases. Should I enter into an agreement with any of the three I will provide you with a copy of the agreement and permission to forward any needed documentation to them. I am also in consultation with Ammond's attorney and will likely provide the written agreement previously requested within the next seven to ten days. There is, in fact, more to this case than meets the eye - on several levels - and I intend to have all facts at my disposal, before making a final and fully informed decision. There is no doubt in my mind that the court will act reasonably and responsibly while I am making this decision and I have no doubt that I will be protected and immune from paying KBR attorney fees and court costs, as you suggested, should I move forward in accordance with law. Likewise, I have given you my full release as counsel and will be happy to sign any necessary documents you might need for presentation to the court in order to ensure that release. Thank you. Jim

-----Original Message-----
From: Jeffrey Lovitky <lovitky@aol.com>
To: jabradylll <jabradylll@aol.com>
Sent: Thu, Aug 25, 2011 1:45 pm
Subject: FW: Activity in Case 4:07-cv-04008-MMM -JAG

Jim: Enclosed is an order received from the Court. The Court is requesting that you participate in a conference call with Magistrate Judge Gorman at 11:30AM on September 19, 2011. I would appreciate it if you would acknowledge this email. If for some reason you are unable to participate, please let me know ASAP, in which case I will contact the Court to attempt to reschedule. Jeff

Jeffrey A. Lovitky
Attorney at Law

1776 K Street, N.W. Suite 800
Washington, D.C. 20006
Tel: 202-429-3393
Cell: 202-744-9702
Fax: 202-318-4013

www.lovitky.com

NOTICE: This message (including any attachments) from Jeffrey A. Lovitky may constitute an attorney-client communication and may contain information that is PRIVILEGED and CONFIDENTIAL and/or ATTORNEY WORK PRODUCT. If you are not an intended recipient, you are hereby notified that any dissemination of this message is strictly prohibited. If you have received this message in error, please do not read, copy or forward this message. Please permanently delete all copies and any attachments and notify the sender immediately by sending an e-mail to jeff@lovitky.com

---

From: ECF_Returns@ilcd.uscourts.gov [mailto:ECF_Returns@ilcd.uscourts.gov]
Sent: Thursday, August 25, 2011 12:34 PM
To: ECF_Notices@ilcd.uscourts.gov
Subject: Activity in Case 4:07-cv-04008-MMM -JAG United States of America ex rel James Brady et al v Halliburton Set/Reset Motion and R&R Deadlines/Hearings

**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.
\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.**

U.S. District Court
**CENTRAL DISTRICT OF ILLINOIS**

**Notice of Electronic Filing**

The following transaction was entered on 8/25/2011 at 11:34 AM CDT and filed on 8/25/2011

**Case Name:**       United States of America ex rel James Brady et al v Halliburton
**Case Number:**     4:07-cv-04008-MMM -JAG
**Filer:**
**Document Number:** No document attached

**Docket Text:**
Notice of Hearing: in re [46] MOTION to Withdraw as Attorney. Motion Hearing set for 9/19/2011 at 11:30 AM by telephone from Peoria (court will place call) before Magistrate Judge John A. Gorman. Plaintiff's counsel is ordered to provide notice of this hearing to Plaintiff James Baker. Mr. Baker shall inform the court of the phone number at which he can be reached for the hearing bu calling the clerk at 671-7140. Entered by Magistrate Judge John A. Gorman on 8/25/11. (WW, ilcd)

**4:07-cv-04008-MMM -JAG Notice has been electronically mailed to:**

Jeffrey A Lovitky     lovitky@aol.com

Matthew J Cannon     matt.cannon@usdoj.gov, christina.d.woolsey@usdoj.gov, glenda.verbeke@usdoj.gov

Michael D McCoy      michael.d.mccoy@usdoj.gov, glenda.verbeke@usdoj.gov

**4:07-cv-04008-MMM -JAG Notice has been delivered by other means to:**

John A Kolar
US DEPT OF JUSTICE
601 D Street NW

Washington, DC 20004

Joyce R Branda
US DEPT OF JUSTICE
601 D Street NW
Washington, DC 20004

Judith Rabinowitz
US DEPT OF JUSTICE
601 D Street, NW
Washington, DC 20004

# Graziano & Flynn, P.C.
ATTORNEYS AT LAW

p: 856.755.9800 | f: 856.755.9805
1040 North Kings Highway, Suite 650, Cherry Hill, NJ 08034
www.grazianolaw.com | www.grazianodivorcelaw.com

Ronald A. Graziano*
Robyn Bryson Flynn
Richard T. Silverman•

\* Also admitted to NY Bar
• Also admitted to PA Bar

May 20, 2011

<u>*Sent via regular mail and certified mail, return receipt requested*</u>
James Allen Brady, III
203 Waters Way
Martinez, GA  30907

RE:   **Federal Qui Tam Complaint**

Dear Mr. Brady:

    I am writing to you on behalf of Alene S. Ammond.  As you are aware, on February 18, 2005 you entered into a Special Power of Attorney with Ms. Ammond providing that she represent you in "all matters pertaining to your former service in the U.S. Army".  A copy of this power of attorney is enclosed for your review.  Also, on December 24, 2006 you signed an Agreement providing Ms. Ammond with legal costs and other expenses for services she provided to you in the Federal Qui Tam Complaint and litigation filed on your behalf by Jeff Lovitky, Esquire.

    Ms. Ammond has reason to believe that this matter was settled and that you received a substantial sum of money as a result of the settlement.  I would appreciate it if you would advise me of the status that matter so we can determine Ms. Ammond's payment under your agreement.  I would appreciate it if you would contact me within the next two weeks so that we may discuss this matter further.  If I do not hear from you, Ms. Ammond will have no choice but to take further legal action.

    I thank you for your anticipated cooperation and look forward to hearing from you.

Very truly yours,

Robyn B. Flynn

RBF:njg
Enc.

cc:  Harold and Alene Ammond

October 6, 2011

Clerk of Courts
United States District Court, Central District of Illinois
309 U.S. Courthouse
100 N.E. Monroe Street
Peoria, Illinois  61602

RE:  Case 4:07-cv-04008-MMM -JAG

Ladies and Gentlemen of the Court:

The Department of Justice and Attorney General's office have declined to share *any* of the evidence collected during the last four and one half years of investigation with either myself or former attorney, Mr. Jeffery Lovitky; have declined to provide requested copies of 30 Turkish subcontract "hand-receipts" used to reportedly establish KBR's and the United States Army's receipt of 30 items of potentially diverted material (these recently discovered hand-receipts, written in Turkish, used as the DOJ's rationale to reverse their intervention decision, announced in February 2011); have declined the requests of myself and former attorney, Mr. Jeffrey Lovitky, to inspect, authenticate, or even *see* the 30 Turkish subcontract hand-receipts; have declined our requests to have the signatures on the hand-receipts independently inspected for authenticity or forgery; have refused to subpoena termination records and investigation results of seven key KBR executives and employees in Mosul, Iraq, October 2006; and have refused to address a $5 million payment made by KBR to the United States Government in 2008 for irregularities concerning the KBR-Yuksel Subcontract, referenced in the complaint filed in 2007.

Due to the intransigence of Department of Justice officials and the Attorney General's office in this matter, the inability of other law firms to take over the case from Mr. Lovitky based on the facts reported above, and good reasons to believe the case has potentially been the subject of external interference, I have not and will not be serving the referenced complaint on the defendants KBR and Halliburton.

I would suggest that if the Department of Justice is sincerely interested in a just resolution for the American taxpayers and military, they reverse their most recent and unfortunate decisions, subpoena the termination records and investigation results of 2006, allow public inspection of the referenced Turkish hand-receipts, and publicly address the $5 million payment made to the U.S. Government subsequent to the complaint filed and disclosure statement provided in 2007.

Enclosures (4)                                    Respectfully submitted,

                                                  *[signature]*
                                                  James A. Brady III
                                                  Plaintiff
                                                  4:07-cv-04008-MMM-JAG

Contact Information:

203 Waters Way, Martinez, Georgia  30907
Email: JABradyLLL@aol.com
Mobile: (706) 495-6573

**From:** James <jabradylll@aol.com>
**To:** matt.cannon <matt.cannon@usdoj.gov>; christina.d.woolsey <christina.d.woolsey@usdoj.gov>; glenda.verbeke <glenda.verbeke@usdoj.gov>; michael.d.mccoy <michael.d.mccoy@usdoj.gov>; glenda.verbeke <glenda.verbeke@usdoj.gov>
**Subject:** Activity in Case 4:07-cv-04008-MMM -JAG
**Date:** Mon, Oct 3, 2011 4:00 pm

Ladies and Gentlemen:

Please note that I will not be serving the complaint to the defendants KBR and Halliburton and will be taking no further action in this matter other than to provide similar communication to the U.S. District Court, Central District of Illinois. Thank you.

Respectfully,

James A. Brady III
Plaintiff
4:07-cv-04008-MMM-JAG

-----Original Message-----
From: Jeffrey Lovitky <lovitky@aol.com>
To: jabradylll <jabradylll@aol.com>
Sent: Tue, Sep 20, 2011 11:55 am
Subject: Qui Tam Case

    Jim: Enclosed is the Court's order granting my motion to withdraw as your Counsel in the qui tam case. Please keep in mind that you will be required to serve a copy of the Complaint, along with the Court's Order dated July 14, 2011 authorizing service of same, not later than October 4, 2011. If you feel that you need additional time, you can of course file a request with the Court for an extension. However, I cannot be certain whether or not such an extension will be granted.

    The Complaint must also be served with a separate Summons for each of the defendants, which can only be obtained from the clerk's office at the federal district court in Rock Island. If you have any intention of proceeding with this matter, I would suggest that you contact the clerk of the District Court in Rock Island as soon as possible to facilitate obtaining the Summons.

    Please feel free to contact me if you have any further questions. Jeff


Jeffrey A. Lovitky
Attorney at Law
1776 K Street, N.W. Suite 800
Washington, D.C. 20006
Tel: 202-429-3393
Cell: 202-744-9702
Fax: 202-318-4013
www.lovitky.com

NOTICE: This message (including any attachments) from Jeffrey A. Lovitky may constitute an attorney-client communication and may contain information that is PRIVILEGED and CONFIDENTIAL and/or ATTORNEY WORK PRODUCT. If you are not an intended recipient, you are hereby notified that any dissemination of this message is strictly prohibited. If you have received this message in error, please

4:07-cv-04008-MMM #48

do not read, copy or forward this message. Please permanently delete all copies and any attachments and notify the sender immediately by sending an e-mail to jeff@lovitky.com


-----Original Message-----
From: James <jabradylll@aol.com>
To: lovitky <lovitky@aol.com>
Sent: Fri, Aug 26, 2011 1:10 pm
Subject: Re: Activity in Case 4:07-cv-04008-MMM -JAG

Jeff: I have left detailed voice mail messages at the Clerk of Courts number and Judge Gorman's law clerk's number. I will call both back before 4:00 p.m. today to ensure they've received my information and will reconfirm with you once that is complete. Jim



-----Original Message-----
From: Jeffrey Lovitky <lovitky@aol.com>
To: 'James' <jabradylll@aol.com>
Sent: Fri, Aug 26, 2011 6:06 am
Subject: RE: Activity in Case 4:07-cv-04008-MMM -JAG

Jim: Will you be calling the court at the phone number provided to confirm your participation in the 9/19 hearing? It's a Peoria Illinois phone number. Would you confirm to me today that you have done this? It is evident that the Court wants you personally to make this phone call. Thank you, and have a nice weekend. Jeff

*"Mr. Baker shall inform the court of the phone number at which he can be reached for the hearing by calling the clerk at 671-7140."*

From: James [mailto:jabradylll@aol.com]
Sent: Thursday, August 25, 2011 8:26 PM
To: lovitky@aol.com
Subject: Re: Activity in Case 4:07-cv-04008-MMM -JAG

Jeff: Received. Based on the timeframe of 12:30 EST, September 19, 2011, I will be able to participate. I am in consultation with three law firms specializing in Qui Tam and whistle blower cases. Should I enter into an agreement with any of the three I will provide you with a copy of the agreement and permission to forward any needed documentation to them. I am also in consultation with Ammond's attorney and will likely provide the written agreement previously requested within the next seven to ten days. There is, in fact, more to this case than meets the eye - on several levels - and I intend to have all facts at my disposal, before making a final and fully informed decision. There is no doubt in my mind that the court will act reasonably and responsibly while I am making this decision and I have no doubt that I will be protected and immune from paying KBR attorney fees and court costs, as you suggested, should I move forward in accordance with law. Likewise, I have given you my full release as counsel and will be happy to sign any necessary documents you might need for presentation to the court in order to ensure that release. Thank you. Jim


-----Original Message-----
From: Jeffrey Lovitky <lovitky@aol.com>
To: jabradylll <jabradylll@aol.com>
Sent: Thu, Aug 25, 2011 1:45 pm
Subject: FW: Activity in Case 4:07-cv-04008-MMM -JAG

Jim: Enclosed is an order received from the Court. The Court is requesting that you participate in a conference call with Magistrate Judge Gorman at 11:30AM on September 19, 2011. I would appreciate it if you would acknowledge this email. If for some reason you are unable to participate, please let me know ASAP, in which case I will contact the Court to attempt to reschedule. Jeff

Jeffrey A. Lovitky
Attorney at Law

1776 K Street, N.W. Suite 800
Washington, D.C. 20006
Tel: 202-429-3393
Cell: 202-744-9702
Fax: 202-318-4013

www.lovitky.com

NOTICE: This message (including any attachments) from Jeffrey A. Lovitky may constitute an attorney-client communication and may contain information that is PRIVILEGED and CONFIDENTIAL and/or ATTORNEY WORK PRODUCT. If you are not an intended recipient, you are hereby notified that any dissemination of this message is strictly prohibited. If you have received this message in error, please do not read, copy or forward this message. Please permanently delete all copies and any attachments and notify the sender immediately by sending an e-mail to jeff@lovitky.com

**From:** ECF_Returns@ilcd.uscourts.gov [mailto:ECF_Returns@ilcd.uscourts.gov]
**Sent:** Thursday, August 25, 2011 12:34 PM
**To:** ECF_Notices@ilcd.uscourts.gov
**Subject:** Activity in Case 4:07-cv-04008-MMM -JAG United States of America ex rel James Brady et al v Halliburton Set/Reset Motion and R&R Deadlines/Hearings

This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.
***NOTE TO PUBLIC ACCESS USERS*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.

U.S. District Court
CENTRAL DISTRICT OF ILLINOIS

**Notice of Electronic Filing**

The following transaction was entered on 8/25/2011 at 11:34 AM CDT and filed on 8/25/2011
**Case Name:**      United States of America ex rel James Brady et al v Halliburton
**Case Number:**    4:07-cv-04008-MMM -JAG
**Filer:**
**Document Number:** No document attached

**Docket Text:**
Notice of Hearing: in re [46] MOTION to Withdraw as Attorney. Motion Hearing set for 9/19/2011 at 11:30 AM by telephone from Peoria (court will place call) before Magistrate Judge John A. Gorman. Plaintiff's counsel is ordered to provide notice of this hearing to Plaintiff James Baker. Mr. Baker shall inform the court of the phone number at which he can be reached for the hearing bu calling the clerk at 671-7140. Entered by Magistrate Judge John A. Gorman on 8/25/11. (WW, ilcd)

**4:07-cv-04008-MMM -JAG Notice has been electronically mailed to:**

Jeffrey A Lovitky      lovitky@aol.com

Matthew J Cannon     matt.cannon@usdoj.gov, christina.d.woolsey@usdoj.gov, glenda.verbeke@usdoj.gov

Michael D McCoy      michael.d.mccoy@usdoj.gov, glenda.verbeke@usdoj.gov

**4:07-cv-04008-MMM -JAG Notice has been delivered by other means to:**

John A Kolar
US DEPT OF JUSTICE
601 D Street NW

Washington, DC 20004

Joyce R Branda
US DEPT OF JUSTICE
601 D Street NW
Washington, DC 20004

Judith Rabinowitz
US DEPT OF JUSTICE
601 D Street, NW
Washington, DC 20004

# Graziano & Flynn, P.C.
ATTORNEYS AT LAW

p: 856.755.9800  |  f: 856.755.9805
1040 North Kings Highway, Suite 650, Cherry Hill, NJ 08034
www.grazianolaw.com  |  www.grazianodivorcelaw.com

Ronald A. Graziano*
Robyn Bryson Flynn
Richard T. Silverman•

\* Also admitted to NY Bar
• Also admitted to PA Bar

May 20, 2011

*Sent via regular mail and certified mail, return receipt requested*
James Allen Brady, III
203 Waters Way
Martinez, GA  30907

RE:   **Federal Qui Tam Complaint**

Dear Mr. Brady:

   I am writing to you on behalf of Alene S. Ammond.  As you are aware, on February 18, 2005 you entered into a Special Power of Attorney with Ms. Ammond providing that she represent you in "all matters pertaining to your former service in the U.S. Army".  A copy of this power of attorney is enclosed for your review.  Also, on December 24, 2006 you signed an Agreement providing Ms. Ammond with legal costs and other expenses for services she provided to you in the Federal Qui Tam Complaint and litigation filed on your behalf by Jeff Lovitky, Esquire.

   Ms. Ammond has reason to believe that this matter was settled and that you received a substantial sum of money as a result of the settlement.  I would appreciate it if you would advise me of the status that matter so we can determine Ms. Ammond's payment under your agreement.  I would appreciate it if you would contact me within the next two weeks so that we may discuss this matter further.  If I do not hear from you, Ms. Ammond will have no choice but to take further legal action.

   I thank you for your anticipated cooperation and look forward to hearing from you.

Very truly yours,

Robyn B. Flynn

RBF:njg
Enc.

cc:  Harold and Alene Ammond

May 31, 2011

Ms. Robyn B. Flynn
Graziano & Flynn, P.C.
1040 North Kings Highway, Suite 650
Cherry Hill, New Jersey  08034

Dear Ms. Flynn:

Thank you for your letter. I just returned from a short family vacation to Florida late last night and apologize for this later than usual response. I regretfully terminated my relationship with Ms. Ammond, last summer of 2010, after Ms. Ammond engaged in a nearly six-month pattern of escalating misrepresentations, harassment, and, ultimately, near blatant extortion. I am not certain, at this time, as to whether Ms. Ammond's claims - past and present - are a result of faulty memory, medical or cognitive disorders such as dementia or Alzheimer's, or simple misrepresentation. In any case I will share some facts with you that will give you a broader perspective of the issue at hand.

Near the end of our relationship, last summer, Ms. Ammond wrote, texted, and called me up to nine and ten times per day, even during my one week vacation to Pennsylvania, with my 12-year-old son to see his grandmother. When I asked Ms. Ammond, in writing, to make no further contact with me during this one week vacation with family and to resume further contact with me when I returned to Georgia one week later, her response was to demand, via e-mail, that I "Grow up!" -- this followed by another barrage harassing texts, calls, and e-mails throughout the week. Ms. Ammond's further and insistent demands, made throughout this period, included that I "divorce my wife," after she learned of my wife's numerous medical conditions and student loan obligations, for fear these conditions would detract from my ability to invest time and financial resources into a publishing project she supported and wished to market to 20/20 or 60 Minutes. Just as irrationally, Ms. Ammond demanded that I have "no further contact" with Mr. Mark Gelman, an attorney in Florida, who Ms. Ammond and I had once contacted about a possible book publishing agreement. Her accusations included that I had "gone behind her back" and "made a separate deal" with Mr. Gelman in order to "defraud her of publishing royalties." This was pure fiction, if not a delusion, as you will see and as the facts reveal.

At the time Ms. Ammond made the accusation, I had not made contact with Mr. Gelman for more than a year, although it was clearly within my rights to do so. And, while Ms. Ammond and I had discussed a joint publishing agreement we never formalized the agreement due to a general lack of interest from the William Morris Publishing Agency. Based on the accusation and the extreme intensity and sincerity with which the accusation was made, I *then* made contact with Mr. Gelman in order to get to the bottom of the matter and determine if someone was possibly using my identity to fraudulently negotiate a publishing agreement in my name. Mark assured me that no agreement of any kind was under negotiation through his office or with anyone using my name and that he, too, had received "bizarre accusations" from Ms. Ammond that had no basis in fact or reality. It was at this time that dementia and Alzheimer's were first discussed as a potential cause to the pattern of Ms. Ammond's accusations, faulty memory, and/or imagined scenarios.

Near the very end of our relationship Ms. Ammond accused me of receiving "windfall profits" from various sources including the U.S. Government and military contracting corporations and withholding what she called "her share" of those profits – all without a single element of evidence even hinting that those "windfall profits" existed or had been paid. Ms. Ammond then engaged in a pattern of near blatant extortion, specifically threatening to "derail" the Qui Tam complaint you referenced and to "derail" my efforts, at the time, to re-enter the United States Army, through what she described as her "high placed Washington DC and DOJ contacts" (e.g. Ms. Lucy McClain, DOJ; Mr. Leonard Trahan, DoDIG; and Mr. Bryan Johnson, USACID) if I did not agree to immediately "sign over" a percentage of my "windfall profits" or "future windfall profits" to her.

I advised Ms. Ammond that her statements were ill-advised and shared her communications with my attorney, Mr. Jeffrey Lovitky. Mr. Lovitky advised me that Ms. Ammond's communications, in his opinion, constituted harassment, at minimum, and advised me to file appropriate complaints and begin separate legal action against Ms. Ammond. Out of respect for my former friendship with Ms. Ammond, I did not do so then and have not done so to date. Ironically, Ms. Ammond's response was to then accuse Mr. Lovitky of numerous and fictitious ethics violations, begin a pattern of numerous and harassing communications to him, and repeatedly describe him to me in e-mails and telephone messages in the most vile terms in a vain attempt to position Mr. Lovitky as a "common enemy" that we should "fight together." Ms. Ammond suggested that she could "garner support" for this "fight" from what she referred to as the "Larry Oliver Group," a loosely affiliated and informal group of friends all sharing a DoD career and/or similar DoD experience as their underlying bond. Needless to say, I refused.

Ms. Ammond's e-mails, texts, and recorded messages paint a clear picture of a very angry or emotionally disturbed woman intent on doing damage because of imagined or perceived wrongs she believes have been done to her.

Briefly about myself – I am an average man, with a wonderful family, and an average income. I teach full-time at two colleges in two full-time positions to make ends meet. My wife and I spend our free time with family, church, and volunteering with Boy Scouts of America. I teach Ethics in addition to my standard course load in Communications and volunteer as one college's Ethics Debate Team coach and advisor. My wife volunteers each summer to serve as the local Cub Scout Camp Director, during her vacation time, has received numerous civic awards, and does without needed medical surgeries and treatments because of cost, while I currently seek employment that will cover those treatments and the ability to pay down her student loan.

Concerning the Qui Tam which you have referenced: both my attorney and Department of Justice (DOJ) officials have asked that I not make public comment and I have committed to that request. What I will share is this: a Qui Tam, as you are likely aware, is a matter of public record and the DOJ makes periodic announcements as to proceedings and findings. Please insist that your client provide a modicum of "due diligence" in her assertions to you. You, I, your firm, and others have no need to be encumbered with unsubstantiated, fictitious, or exaggerated claims that are a waste of time for all involved. If you complete your own independent research you will find that Ms. Ammond has already demonstrated an appearance of manipulative behavior and has already made either distorted, dishonest, or imagined claims to you. I have returned the Special Power of Attorney to your office (enclosed) for return to Ms. Ammond. As you can see, it does not relate to the referenced Qui Tam, the applicable time frame, or the referenced circumstances and, as such, has no bearing on the matter referenced.

I have been incredibly patient with Ms. Ammond over the last year and to date I have not filed suit or taken other recommended legal actions at my disposal. Ms. Ammond should be aware, however, that my lack of action is not based on a lack of evidence or ability to proceed, but rather out of respect for our former friendship and the genuine possibility that her past and present actions are the result of undiagnosed cognitive or medical disorders that could affect any one of us, later in life, with similar and unfortunate results.

I hope this perspective is both constructive and helpful to your analysis.

Sincerely,

James Brady

Enc (1)

Return Address:

203 Waters Way
Martinez, Georgia  30907

E-Mail Address:

JABradyLLL@aol.com



**KBC Media**

INVOICE

DATE: OCTOBER 25, 2010
CLIENT: JB-0087

To: **James Brady III**

**Account assigned to Alene Ammond**

| Services: Retainer for Publicist Services | AMOUNT |
|---|---|
| James Brady III- Account launch April 2003<br>Commenced: August 2010<br><br>Monthly Retainer Fee:<br>(Discounted to $3500.00 per month since Mr. Brady was military)<br><br>7 years – 5 months of work completed by Alene Ammond | $5000.00<br>$3500.00 |
| TOTAL DUE<br>NET 14 DAYS | $311,500.00 |